WHATLEY, Judge.
The State appeals Williams’ sentence, arguing that the trial court did not have discretion in determining whether to sentence Williams pursuant to the Prison Re-leasee Reoffender Punishment Act (hereinafter PRRPA) after the State filed notice of Williams’ qualifications to be sentenced under such. We are compelled to reverse based on State v. Cotton, 769 So.2d 345 (Fla.2000), revised by, 25 Fla. L. Weekly S536 (Fla. June 28, 2000). In Cotton, the supreme court held that the discretion to determine whether to impose a sentence pursuant to the PRRPA belonged to the prosecutor and not to the trial court. Therefore, the trial court erred in the instant case in not sentencing Williams as a prison releasee reoffender after finding that he qualified for such. Because Williams entered a plea based on the trial court’s agreement that he would not be sentenced as a prison releasee reoffender, Williams should be given the opportunity to withdraw his plea on remand.
Accordingly, we reverse Williams’ sentence and remand with directions.
STRINGER, J„ and DANAHY, PAUL W., (Senior) Judge, concur.